DAVID CAMPBELL, PROSECUTOR, v. JOSEPH SIEGLER, JUDGE OF THE JUVENILE COURT OF THE COUNTY OF ESSEX, RESPONDENT.

Submitted May term, 1932—Decided August 22, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Francis A. Nott.*

For the respondent, *Arthur T. Vanderbilt, William G. McLoughlin, pro se,* and *Robert L. Flemming, amicus curiæ.*

PER CURIAM.

This writ purports to bring before us, for review, a judgment of mayhem, against the prosecutor, David Campbell, a boy of about ten years of age, and which judgment is said to have been rendered and entered against him by the judge of the Juvenile Court of Essex county.

There is, in fact, no such judgment returned and there is nothing in the record before us indicating that there was such a finding or judgment.

Complaint was made against the prosecutor as a delinquent particularly charging him with engaging in a fight with another lad of eight years of age, and biting a finger of the right hand of the latter, causing it to become infected requiring the amputation of a part of the finger. Upon a hearing of the matter the judge of the Juvenile Court directed the parents of the prosecutor to regularly present him to the official psychiatrist of Essex county for examination and observation. This order appears not to have been obeyed by the parents of the prosecutor. The court below had before it a report of the psychiatrist, resulting from an examination of

the prosecutor, who was by the probation officer of Essex county, taken to the former officer by the court's direction.

The brief of the prosecutor advances four reasons for setting aside the findings of the court below and, although it is doubtful that any reason filed by the prosecutor properly raises any of the grounds we have, nevertheless, considered them.

1. (a) That there is no proper docket record of the conviction of the prosecutor; the only record of said court is a memorandum record.

(b) The docket does not show the substance of the testimony of the proceedings.

The return to the writ does show an adjudication of juvenile delinquency, and likewise shows complete and sufficient docket entries of the proceedings, and the testimony, upon which the finding is based, is fullly set out in such return.

2. The court erred in admitting certain irrelevant, incompetent and improper testimony, as follows: the witness William G. McLoughlin, Sr., was allowed to testify that the physician who attended William G. McLoughlin, Jr., said, "the boy will not have a quarter use of the finger."

In the first place these proceedings are informal and summary. In the second place no objection of any character was made to this testimony and finally we cannot see how it was harmful or prejudicial. It went only to the extent of the injury said to have been inflicted by the prosecutor and there was other competent proof in that direction and, still further, the matter before the court below was not the seriousness of the injury but the act of the prosecutor causing it showing or tending to show delinquency.

3. The court erred in permitting William G. McLoughlin, Jr., to testify that a neighbor, Mr. Foster, said, who was present: "You had better go home and have it taken care of."

In addition to what has been said by us under the last preceding ground we are at a loss to see how this testimony could be in anywise prejudicial to the prosecutor.

4. That the court lost jurisdiction over the cause when it adjourned *sine die*.

The record before us does not show any such adjourment.

The summons was returnable November 7th, 1930, on which date proofs were taken and the prosecutor adjudged delinquent. An adjournment was taken for two weeks, to November 21st, 1930, and then the cause adjourned to December 5th, 1930, when the report from the psychiatrist, Dr. Plant, was before the court, read and explained by the court to the parents of the prosecutor who were directed to continue taking the prosecutor regularly to Dr. Plant as often as the latter required and the prosecutor was placed under the supervision of the probation officer.

This ground or reason, therefore, is not based upon any fact shown by the return before us.

The writ is, therefore, dismissed, with costs.